Appeal from District Court, Brazoria County; M. S. Munson, Judge.

John Miluton was convicted of unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

A. R. Rucks, of Angleton, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years. There are no bills of exceptions. The sufficiency of the evidence is assailed.

The sheriff, possessed of a search warrant, searched the house in which the appellant and his wife lived. He found eight quarts of corn whisky in the cupboard, with other things in front of it, in a little house separated from the residence. He also found an oil stove, a copper still and coil. The still was in a box, and the stove was setting on top of it. The still was a good one. It was described by the sheriff, as was the process of making whisky. The appellant said to the sheriff (so the sheriff declared) that the reason he made this whisky was because he had to have money to support his family. This the appellant denied. He and his wife accounted for the possession of the whisky and the still by the statement that they had been left at their home by a party whose name they could not give. According to the appellant's testimony, the whisky and the still were left with them for safe-keeping merely. He possessed whisky in unusual quantities and secreted. The means of making it was at hand and in perfect condition. He admitted that he made it for profit; at least, such was the testimony of the state's witness. His testimony explaining his possession of the still and the liquor was such as warranted the conclusion, doubtless reached

by the jury, that it was fabricated and unreasonable.

The issues in the case were submitted to the jury in a charge of which no complaint is made, and in which the law of circumstantial evidence is embodied. No exception was reserved to the admission of the testimony. We fail to discern any such weakness in the evidence as would render it inadequate to support the verdict.

The judgment is therefore affirmed.

---

## HARRIS v. STATE.    (No. 7501.)

(Court of Criminal Appeals of Texas. Nov. 15, 1922.)

Criminal law ⚫➡1131(1)—Appeal dismissed on appellant's affidavit requesting permission to withdraw it.

On the filing of a personal affidavit by appellant, requesting permission to withdraw his appeal, it will be dismissed.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Reedy Harris was convicted of murder, and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Appellant was convicted for murder, and his punishment fixed at seven years in the penitentiary. Since perfecting his appeal he has filed in this court his personal affidavit, requesting permission to withdraw same.

Upon such request the appeal is ordered dismissed.